Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Telephone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Ricardo Curtis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ricardo Curtis,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JP Morgan Chase Bank, N.A,<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 et seq)<br><br>DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1. This is an action for damages brought by Ricardo Curtis against JP Morgan Chase Bank, N.A. for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a)-(c).

**The Parties**

2. Plaintiff Ricardo Curtis is an individual consumer.

3. Defendant JP Morgan Chase Bank, N.A. ("Chase Bank") is a national bank with offices throughout the United States.

**Jurisdiction & Venue**

4. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § §

1367.

5. The defendant regularly conducts business in this district. Its principal place of business for mortgage loans is Columbus, Ohio.

**Description of the Case**

6. Plaintiff formerly owned a single family residence in Inglewood, California, he purchased in or about November 2006 with a mortgage loan from Bank of America secured by a first deed of trust and a mortgage loan from EMC Mortgage Corp secured by a second deed of trust. Plaintiff occupied the residence beginning from the date of purchase until July 29, 2011.

7. After experiencing some financial difficulties, plaintiff listed the house for sale on the multiple listing service. Plaintiff found buyers and arranged to sell the house in a short sale. Plaintiff obtained the approvals for the short sale from Bank of America and LCS Financial Corporation, a debt collector acting on behalf of EMC Mortgage Corp. EMC Mortgage had assigned the account for collection to LCS Financial Corporation in or about May 2010.

8. Specifically, LCS Financial Services Corporation sent plaintiff a letter dated July 19, 2011, that states that "LCS Financial Services Corporation on behalf of EMC Mortgage Corp has agreed to accept no less than $6,000.00 as satisfaction of the lien and the debt owed, relative to the above referenced loan number." The loan number referred to the purchase money loan described above in ¶ 6.

9. The short sale closed on July 29, 2011. The title company HUD-1 shows that Bank of America and LCS Financial were paid proceeds from the sale of $264,025 and $6,000, respectively.

10. On August 1, 2011, LCS Financial Corporation sent plaintiff a second letter that states "This letter is to confirm that the above referenced account with EMC Mortgage Corp is settled in full. The account was originally assigned to us on 05-04-10 with an original principal balance due of $115556.79, plus interest and as of 07-29-11 we have received a total of $6000.00. We have notified

*Curtis v JP Morgan Chase Bank, N.A.*, ND Case No.
Complaint and Jury Demand                                                                                                          2

our client to issue a full release which if applicable, will be forwarded to the County Clerk or other appropriate agency."

11. EMC Mortgage Corp. was a wholly-owned subsidiary of Bear, Stearns & Co., which was acquired by defendant Chase Bank in 2008. When Chase Bank purchased Bear, Stearns directly and indirectly EMC Mortgage Corp, it assumed those entities assets and liabilities.

12. Chase Bank is bound by the agreement LCS Financial Corporation made on behalf of EMC Mortgage Corp under which EMC Mortgage Corp waived any claim for payment beyond the $6,000 it received as proceeds from the short sale.

13. California Code of Civil Procedure 580e has long provided that in the case of a foreclosure by a lender holding a first deed of trust on a dwelling of not more than four units, the lender that foreclosed on the dwelling may not obtain a judgment for a deficiency if the loan was used to purchase the property. Effective January 1, 2011, the California Legislature extended this protection to cover short sales and effective July 15, 2011, the Legislature further extended this protection to bar holders of second deeds of trust from obtaining deficiency judgments following a foreclosure or short sale. Plaintiff is entitled to the protection afforded him by California Code of Civil Procedure 580e because the short sale took place after July 15, 2011. The amended law means that Chase Bank is prohibited from obtaining a judgment against plaintiff for the deficiency balance of $109,556.

14. Beginning in April 2010 and to date, defendant Chase Bank has been reporting to Experian, Equifax and Trans Union, the three nationwide consumer credit reporting agencies, (the CRAs") that plaintiff owes Chase Bank the sum of $109,556.

15. Chase Bank's reports to the CRAs that plaintiff is liable to it for $109,556 is inaccurate, incomplete and misleading. Its reports are inaccurate because it does not owe any money in the usual sense of the creditor being in a position to obtain a judgment to collect on the debt. Its reports are misleading because creditors will assume Chase Bank could obtain a judgment on the debt

there being no notation in its reporting to the CRAs otherwise. Chase Bank's reporting is incomplete because its reports fail to note that it is barred by law from obtaining a judgment on the debt.

16. Chase Bank's reports to the CRAs are inaccurate, incomplete and misleading for a second reason and that is that its predecessor EMC Mortgage Corp waived the deficiency when it accepted $6,000 from the proceeds of the short sale.

17. On November 8, 2014, plaintiff sent Chase Bank a letter disputing its report that he owed $109,556 on the account. With his letter, he faxed copies of the two LCS Financial Services Corporation letters approving the short sale and waiving the deficiency and proof that LCS was paid the $6,000 due it from the proceeds of the short sale.

18. On November 17, 2014, Chase Bank responded with a letter that willfully ignored the information plaintiff provided:

> "We're writing in response for your request for information on how we report your mortgage loan to the major credit reporting agencies. On April 30, 2010, we charged off the outstanding balance of $109,556.79 on your account. You still owe this amount, and we'll continue to report it as unpaid to the agencies until you have paid off the balance. This charged-off balance may remain on your credit report for 7 to 10 years."

19. Despite plaintiff's efforts, Chase Bank willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate, misleading and incomplete credit information.

20. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) lost business opportunities in the insurance and real estate industry, (c) harm to his credit reputation and credit scores, and (d) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**Chase Bank Sent Inaccurate and Incomplete Information Concerning the Account to the CRAs Each Month during the Past Two Years**

21. Chase Bank is one of the CRAs largest and subscribers. As such, Chase Bank sends

customer account information to the CRAs on a monthly basis. Each such transmission includes changes, additions and deletions of customers' account information.

22.     Beginning in or about April 2010, and continuing each month to date, Chase Bank sent incomplete and inaccurate information concerning the mortgage account to the CRAs.

**In Response to ACDVs, Chase Bank told the CRAs Not to Change its Inaccurate and Incomplete Credit Reporting within the Past Two Years**

23.     In November 2014, plaintiff disputed Chase Bank's credit reporting concerning the mortgage account by sending disputes directly to the CRAs. Upon receipt of the disputes the CRAs sent automated consumer dispute verification requests (ACDVs) to Chase Bank.  Upon receipt of the ACDVs, Chase Bank had a duty to conduct a reasonable investigation concerning the dispute. However, Chase Bank failed and refused to conduct a reasonable investigation. Instead, Chase Bank arbitrarily responded to the CRAs that its reporting was correct. Upon receipt of Chase Bank's responses, in December 2014, the CRAs reported to plaintiff that their credit reporting was accurate and would not be changed.

**Chase Bank Has Caused the CRAs to Republish Inaccurate and Incomplete Information on the Mortgage Account to Creditors Multiple Times during the Two Years Preceding the Filing of the Complaint**

24.     Within the two years preceding the filing of the original complaint, Chase Bank transmitted inaccurate and incomplete loan information to the CRAs knowing that the CRAs would sell the credit information to anyone who had a permissible purpose to obtain the credit information and who was willing to pay the CRAs fees such as banks and finance companies.

25.     From time to time during the two years preceding the filing of the complaint, credit grantors from whom plaintiff sought credit obtained plaintiff's credit reports from the CRAs, which reports included Chase Bank's incomplete and inaccurate reports that plaintiff owed Chase Bank $109,556.

26.     Each such sale of credit information by a CRA during the two years preceding the filing

*Curtis v JP Morgan Chase Bank, N.A.*, ND Case No.
Complaint and Jury Demand                                                                                                                   5

the original complaint was a republication of Chase Bank's inaccurate and incomplete reports that plaintiffs had been late in making mortgage payments in 2011.

**First Claim: Violations of the Fair Credit Reporting Act—Against Chase Bank**

27. Plaintiff incorporates by reference ¶¶ 1-26.

28. The FCRA requires a furnisher such as Chase Bank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

29. Within the last two years, defendant Chase Bank provided inaccurate and misleading information to the credit reporting agencies.

30. Chase Bank violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's account;

(c) willfully and negligently failing to report the results of investigations to the three national credit reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence plaintiff submitted to defendants that proved that the information concerning plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

31. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Second Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Chase Bank**

32. Plaintiff incorporates by reference ¶¶ 1-31.

33. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

34. Chase Bank negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

35. Chase Bank failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

36. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

//

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1.  Actual, statutory and punitive damages;

2.  Injunctive relief;

3.  Costs and attorney's fees; and

4.  Such other relief as the Court may deem proper.

Dated: December 22, 2014.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: December 22, 2014.

ANDERSON, OGILVIE & BREWER LLP

By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff